## ANTON W. LUECKE & CO., Appellant, v. L. COHEN, Respondent.

### St. Louis Court of Appeals, June 28, 1910.

1. **SALES: Mistake in Memorandum: Evidence Held to Establish Mistake.** In an action for a seller's refusal to deliver goods pursuant to contract, evidence *held* to show that the price stated by the seller's agent at the time of sale exceeded the memorandum which he gave the buyer at the time, that the buyer was aware of the correct price when he ordered the goods, and that a mistake was made in writing the price in the memorandum.

2. ———: **Memorandum of Sale: Bill of Sale.** A memorandum of sale in the form, "Sold to Luecke Bros., 25 bx Babbitt Soap at 2.35 net cash ten days. L. Cohen, per Crohn," likely was a bill of sale, if executed by authority of the seller.

3. ———: **Bill of Sale: Not Subject to Alteration by Parol: Seller's Remedy in Equity.** A bill of sale, in which a mistake was made as to the price quoted the buyer, is not subject to alteration by parol in an action at law, but the seller's remedy is to correct it in equity.

4. **PRINCIPAL AND AGENT: Sale without Authority.** If a sales agent contracts without authority for the sale of goods at less than the market price, the buyer cannot insist on delivery thereof at the contract price and recover for refusal to comply with the contract.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin*, Judge.

AFFIRMED.

*Alroy S. Phillips* for appellant.

(1) The writing offered in evidence is a written contract which is binding upon defendant and which is

subject to the parol evidence rule. 17 Cyc. 593; 17 Cyc. 600; Gill & Fisher v. Commission Co., 84 Mo. App. 456; Darnell v. Lafferty, 113 Mo. App. 282. (2) In the trial of an appeal from a justice of the peace the circuit court has no jurisdiction of any strictly equitable proceedings, and in the trial of an action on a written contract the determination of a defense that there was a mistake in drafting the contract is a strictly equitable proceeding. 9 Cyc. 392; Leitensdorpher v. Delphy, 15 Mo. 160; Barlow v. Elliott, 56 Mo. App. 374; Tapley v. Herman, 95 Mo. App. 537; Miller v. Railroad, 162 Mo. 424; Rayburn v. Deever, 8 Mo. 105; Sec. 3837, R. S. 1899; Nance v. Metcalfe, 19 Mo. App. 183; Ferree v. Ellsworth, 1 N. Y. Misc. 93; Johnson v. Stephens, 107 Mo. App. 629. (3) In the trial of an appeal from a justice of the peace in an action on a written contract parol testimony contradicting and varying the terms thereof is inadmissible for the purpose of showing a mistake in drafting the instrument. Tribble v. Oldham, 28 Ky. (5 J. J. Marsh) 137; 9 Cyc. 392; 17 Cyc. 702; Bassett v. Glover, 31 Mo. App. 150; Parker v. Van Hoozer, 142 Mo. 621. (4) Where the defense is set up in an action on a written contract that there was a mistake in drafting it, the mistake must be proven to be mutual, and the evidence thereof should be clear, convincing and free from reasonable doubt, and where the testimony of the two parties who executed the instrument is conflicting thereto, and there is no other testimony thereto, the instrument itself, as a chosen record of what the parties intended will turn the scale in favor of its own correctness. Parker v. Van Hoozer, 142 Mo. 621; Bobb v. Bobb, 7 Mo. App. 501. (5) Where an agent has repeatedly signed contracts for the sale of goods, which his principal has ratified and adopted, his authority to sign the contract in question may be inferred, and the authority to sell includes authority to fix the price. Edwards v. Thomas, 66 Mo. 468; Haubelt Bros. v. Mill Co.,

150 App.—4

77 Mo. App. 672; Maybray v. Shoe Co., 73 Mo. App. 1; 31 Cyc. 1356, and note; Dry Goods Co. v. Mfg. Co., 119 Ga. 124; Connor v. Granniss, 75 Ga. 277; Grocer Co. v. Russell, 65 Ill. App. 281; School Furniture Co. v. Board of Education, 18 Ky. L. Rep. 948; Daylight Burner Co. v. Odlin, 51 N. H. 56; Stirn v. Hoffman House Co., 8 N. Y. Misc. 246.

*Henry H. Furth* for respondent.

(1)   The finding of facts by the court has the effect of a special verdict of a jury. Barker v. Scudder, 56 Mo. 272; Freeman v. Moffitt, 135 Mo. 269; s. c. 119 Mo. 280; Nichols v. Carter, 49 Mo. App. 401; Sandige v. Hill, 76 Mo. App. 540; Hughes v. Ewing, 162 Mo. 261; Leavitt v. Taylor, 163 Mo. 158.   (2)   The memorandum under the Statute of Frauds is not the contract itself, but only the evidence thereof and as such is not the exclusive memorial of the transaction. It is therefore open to contradiction by parol evidence. 2 Jones on Ev., sec. 433, p. 949; 1 Greenleaf on Ev. (16 Ed.), sec. 305e, p. 444; Browne on Statute of Frauds, cc. 17, 18; 8 Am. and Eng. Ency. (2 Ed.), p. 721; Grimes v. Hamilton Co., 37 Iowa 290; Bluck v. Gumpertz, 7 Exch. 862; Sanford v. Rose, 2 Tyler (Vt.) 428.   (3)   The contract is by parol and the rules of evidence governing written contracts are therefore not applicable. Wild v. B. & L. Assn., 60 Mo. App. 203; Browne on Parol Evidence, p. 13; 29 Am and Eng. Ency. (2 Ed.), p. 875.   (4)   Parol evidence is admissible in an action at law to show that the memorandum does not represent the real transaction. Benjamin on Sales (5 Eng. Ed.), 1906, p. 234; Benjamin on Sales, Bennett (6 Ed.), sec. 204, p. 172; Blacksmithing Co. v. Carreras, 19 Mo. App. 162; s. c. 26 Mo. App. 229; Hussey v. Horn-Payne, 4 Mo. App. Cas. 311; 20 Cyc., p. 319. (5) The consideration of a bill of sale is always open to inquiry. Cassidy v. Begoden, 38 N. Y. Super. Ct. 180. (6) An order solicited by or given to an agent does not constitute a sale, either absolute or con-

ditional, but is merely a proposition to be accepted or not as the principal may see fit. 1 Am. and Eng. Ency. (2 Ed.), p. 116; McKindley v. Durham, 55 Wis. 515; Deane v. Everett, 90 Iowa 242. (7) In the absence of special authority to bind his principal, a drummer can merely solicit and transmit the order and the contract of sale does not become complete until the order is accepted by his principal. 6 Am. and Eng. Ency. (2 Ed.), p. 227; Bensberg v. Harris, 46 Mo. App. 404; Clough v. Whitcomb, 105 Mass. 482. (8) The scope of an agent's employment is generally a question of fact. The burden of proof is on the person claiming under a contract with another made through an agent to show by satisfactory evidence that the contract was within the real or apparent scope of the agent's authority. Sharp v. Knox, 48 Mo. 176; Johnson v. Hurley, 115 Mo. 513; Haynes v. Churchill, 29 Mo. App. 676.

GOODE, J.—Action instituted before a justice of the peace wherein plaintiff stated defendant, by a written contract dated October 10, 1906, and filed with the statement as an exhibit, sold and agreed to deliver to plaintiff forthwith, twenty-five boxes of Babbitt's soap at $2.35 a box; that plaintiff afterwards made demand of defendant for the delivery of the soap, but delivery was refused and at the date of refusal, soap of the kind defendant had sold and agreed to deliver was selling on the market at $3.75 a box; that in consequence of defendant's refusal to comply with its contract, plaintiff was injured in the sum of $35. The written contract was this:

"Sold to Luecke Bros. 25 bx Babbitt Soap at 2:35 net cash ten days.

"L. COHEN,
"Per CROHN."

Defendant filed no answer. Plaintiff is engaged in the grocery business in the city of St. Louis, and defendant is a wholesale grocer in whose employ is a travel-

ing salesman named Crohn. That salesman entered plaintiff's place of business in October, 1906, and according to the testimony of plaintiff, proposed to sell Babbitt's Soap at $2.35 a box; whereupon plaintiff told him he would take twenty-five boxes at said price, if he would make him a contract (meaning one in writing) and Crohn executed the bill of sale or memorandum supra, left plaintiff's place of business and a few days afterwards returned, saying he had made a mistake in inserting the price of $2.35 a box, as the price was $3.35 a box. Crohn demanded the memorandum back and plaintiff refused to surrender it. At that time the listed price of the soap was from $3.65 to $3.75 a box, or much more than even the price of $3.35 defendant insists upon; and plaintiff was aware of this fact, for he testified to it. He testified he was not in the habit of buying from Cohen at all and required him to give him a written contract; that he always took a written contract when he purchased from Cohen, the defendant. Plaintiff denied Crohn detected the mistake before he left the store, and demanded the paper to correct it, and said this demand was made several days later. On the other hand Crohn testified he offered to make Luecke a price of $3.35 a box and Luecke said he would take twenty-five boxes, but wanted a copy, meaning a memorandum of the sale; that he (Crohn) wrote out the document (Exhibit A) while a conversation was in progress and by mistake stated the price at $2.35 a box. He attributed the mistake to the fact that he was writing at the same time he was talking to Luecke about other matters. Crohn said Luecke took the "ticket," put it in his pocketbook and Crohn started to leave the store, but before he had gone out, thought of his mistake in making the price $2.35 instead of $3.35; whereupon he turned around and asked Luecke to give him the card to correct the mistake. Luecke refused and said he "had Crohn where he wanted him." The latter then told Luecke he had supposed he was a gen-

tleman, but that if he did not give up the card, he
(Crohn) would not turn in the order and the soap
would not be delivered. The court found the facts ac-
cording to the testimony of Crohn, and that the inten-
tion was to sell the soap at $3.35 a box; found also plain-
tiff knew this was the intention; found Crohn had no
authority to sell soap for defendant at less than the
market price without the latter's approval, and there
was no evidence to show he had authority to sell soap
to plaintiff at $2.35 a box; that his authority extended
only to take orders for soap at the usual market price;
that plaintiff was aware of the mistake committed by
the salesman and endeavored to take advantage of it
by retaining the slip and instituting the present action.
Declarations of law were given and refused, but we will
not set them out. The court found the instrument (Ex-
hibit A) was not the contract between the parties, but
simply a memorandum or note handed to plaintiff, and
the contract between them was verbal. The contention
of plaintiff is, the instrument was a bill of sale of the
soap to plaintiff, constituted the repository of the con-
tract between them and could not be varied by oral
testimony, but could only be corrected in equity; fur-
ther, that the action was commenced before a justice of
the peace and justices have no jurisdiction of equity
matters; that no evidence to show a mistake occurred
in making the contract could be received in the present
case, and plaintiff's remedy was a suit in equity in the
circuit court to reform the bill of sale and meanwhile
enjoin the proceeding before the justice. The evidence
leaves not the least doubt in our minds that the price
stated by Crohn was $3.35 a box, and Luecke was well
aware of the price actually stated when he ordered the
soap, was well aware a mistake had been made in
writing the price in the memorandum. Likely the paper
was a bill of sale of the soap if executed by authority of
defendant, was not subject to alteration by parol evi-
dence in the present action at law, but defendant's

remedy was in equity to correct it. But the court found as a fact Crohn had no power or authority to execute such a contract; that is to say, to sell at less than the market price. Though a vigorous protest is made against this finding, we will not disturb it. The justice of the case is altogether with the defendant and plaintiff's action is without merit. The judgment is affirmed. All concur.